UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZOLTAN HIRSCH,

        Plaintiff,

   - against -

SHAGUSTAQ PABUSTA, d/b/a Shaheen
Grocery, and
R&B REALTY CORP.,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**
11-CV-04986 (RRM)(VMS)

ROSLYNN R. MAUSKOPF, United States District Judge.

    This action was originally commenced on October 13, 2011 (Doc. No. 1). Defendant Shagustaq Pabusta, d/b/a Shaheen Grocery Store ("Pabusta") was ostensibly served with the original summons and Complaint on November 22, 2011, and proof of service not filed until April 16, 2012 (Doc. No. 8). In the interim, a defendant originally named in the action, Red Garland Realty Corp., was dismissed voluntarily on January 3, 2012. (Doc. No. 5). An Amended Complaint (Doc. No. 6) was filed the same day against Pabusta and a new defendant, R&B Realty Corp. However, the Amended Complaint and an Amended Summons was ostensibly served only on defendant R&B Realty. (Doc. No. 7) Defendant Pabusta has never received notice of the Amended Complaint through any type of service or otherwise.

    On May 16, 2012, the Magistrate Judge entered the following Order:

> A review of the docket entries in this action indicates that more than 20 days have passed since the defendants were served (docket entries 7 and 8 ), and the defendants have not filed answers or otherwise responded. No later than June 6, 2012, one of the following events must occur: (a) the defendants must file their answers, (b) the parties must file a stipulation extending the defendants time to answer, or (c) the plaintiff must file a request for certificates of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for

1

failure to prosecute. The plaintiff's counsel is directed to provide a copy of this order to his client and to the defendants.

(*See* Doc. No. 9 and accompanying Docket Entry). On May 19, 2012, plaintiff filed with the Court copies of letters mailed to each defendant enclosing the Magistrate Judge's May 16 Order. To date, neither defendant Pabusta nor defendant R&B Realty have appeared in this action.

On June 6, 2012, plaintiff sought entry of default as to Pabusta only. (Doc. No. 11.) The Clerk of Court entered Pabusta's default (Doc. No. 12) based solely on proof of service of the *original* Complaint, and not the Amended Complaint, as the latter had never been served on Pabusta. Plaintiff has never sought entry of default against R&B Realty.[1]

On June 22, 2012, this Court Ordered plaintiff to file any motion for default judgment by July 5, 2012. The Court warned plaintiff that "failure to so do will result in dismissal of the action for failure to prosecute." On July 5, 2012, plaintiff sought a three-week extension – to July 24, 2012 – to file his motion for default judgment. Although the Court never ruled on this request, no motion was ever filed.

Indeed, there was no substantive activity in this case for over eight months, until March 6, 2013.[2] This Court formally denied plaintiff's previous extension request, and Ordered as follows:

> There has be no activity in this case, and though plaintiff requested leave for more time to move for default, has not communicated with this court or otherwise sought to pursue this action. As such, the court denies the request for an extension with leave to renew. Plaintiff shall advise the Court by Status Report, to be filed by March 13, 2013, whether he intends to pursue this action, and pursue a default judgment in this action. The status report shall also address the legal and factual bases as to why the Court [sic] should consider a default judgment in this action, in light of the fact that plaintiff seeks only declaratory and affirmative injunctive relief, and the policy favoring resolution of cases

---

[1] Though service ostensibly was made on this defendant through the New York Secretary of State, it is unclear if the proof of service is proper as it does not state that the process server was over 18 years of age and not a party to the action. C.P.L.R §§ 306 and 2103.

[2] There was a new magistrate judge assigned to the matter on August 27, 2012.

2

on their merits. Failure to comply with this Order will result in dismissal of this action without prejudice.

Plaintiff's response to the Court's Order, filed as a Status Report on March 13, 2013 (Doc. No. 14) requested another 30-day extension to file a motion for default judgment without setting forth any reasons for a further extension, and failed to address that aspect of the Court's Order requiring plaintiff to set forth the legal and factual bases as to why a default judgment should be entertained.

For the reasons that follow, this action is DISMISSED WITHOUT PREJUDICE.

## DISCUSSION

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that the standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such action should examine five factors. Specifically, a court should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

3

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, a court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal. First, plaintiff has not advanced his claims in any manner. Prodding by the magistrate judge in May 2012 resulted in plaintiff seeking default in June 2012, only against defendant Pabusta, and then, only upon plaintiff's service of the *original* Complaint. Plaintiff has never even attempted to serve Pabusta with the Amended Complaint, in which Pabusta is sued with an entirely new defendant. This defect in service is sufficient to vacate Pabusta's default, and dismiss the action, at least as to Pabusta, for failure to serve.

Moreover, plaintiff has failed to prosecute his action against either defendant named in the Amended Complaint. Defects in service notwithstanding, in June 2012, this Court set July 5 as the deadline for moving for default judgment against Pabusta. Instead, plaintiff sought a three-week extension, without reasons proffered. Plaintiff then allowed his case to lie dormant with no activity for almost eight months. That length of time is sufficient to justify dismissal. *See e.g.*, *Antonio v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *7–9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more).

On March 6, 2013, again prompted by the Court, plaintiff was given the opportunity to advise the Court as to why it should entertain a motion for default judgment. The Court's Order specifically required plaintiff to set forth the legal and factual bases for pursuing a default remedy, particularly in light of the injunctive and declaratory relief sought, and the policy

favoring resolution of cases on the merits.  Plaintiff's response was woefully inadequate.  It again sought a 30-day extension without reasons proffered, and utterly failed to set forth any of the legal or factual information sought by the Court.  Further, the Court's March 6 Order specifically cautioned that "failure to comply with this Order will result in dismissal of this action without prejudice."

Based on this history, from the filing of the Amended Complaint more than one year ago, plaintiff has failed to move for default, despite repeated prodding and deadlines by the Court, and sought multiple extensions without any bases proffered, and has utterly failed to communicate with the Court or otherwise advance his case for over eight months.   A plaintiff's unreasonable delay results in a presumption of prejudice the defendant.  *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). This case has remained on the court's docket for 18 months, and but for plaintiff's third request for an extension to move for default, on what appears to be the basis of improper service, there is no indication that plaintiff will move this case forward in the future.  Finally, plaintiff failed to comply with the substantive requirements of the Court's March 6 Order.  No lesser sanction than dismissal is likely to be effective given plaintiff's failure to respond to the Court's Order explicitly listing failure to prosecute as a potential ground for dismissal.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice. The Clerk of Court is respectfully requested close this case, and mail copies of this Memorandum and Order to each defendant as follows:

Shagustaq Pabusta, 6226 New Utrecht Avenue, Brooklyn, New York  11219

R&B Realty Corp., 155 West 123rd Street, New York, New York  10027

SO ORDERED.

Dated: Brooklyn, New York  
      May 2, 2013

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge